ELIAS v. HAYES et al.

(Supreme Court, Appellate Term.     October 5, 1898.)

PROCESS—SUMMONS—AMENDMENTS—ALIAS WRITS.
    An original summons cannot be amended by substituting new defend-
    ants, nor can an alias summons be addressed to such new defendants.

Appeal from First district court.

Action by M. Angelo Elias against Timothy J. Hayes and others. From a judgment for plaintiff, defendants appeal.     Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Milliken & Gasten, for appellants.
Wm. Klingenstein, for respondent.

PER CURIAM.     The plaintiff's assignor, having rendered serv-ices in the binding of books, assigned her claim therefor to the plain-tiff, who brought an action to recover the amount of the claim.     The cause came to trial, whereupon it developed that the party against whom the plaintiff sought to enforce this claim had not been sum-moned, and that the defendant in the action was improperly desig-nated as the party for whom the plaintiff's assignor had rendered the services.     At this stage of the trial the plaintiff's counsel offered to withdraw the action, when the court directed that an amended summons be issued, incorporating the defendants herein, without the additional expenses of bringing another action.     To this action of the court an exception was duly taken.

The judgment should be reversed on the following grounds, viz.: The court had no power to amend the original summons by substitut-ing new defendants for the one originally named therein, nor to issue an alias summons addressed to the new defendants.     The case is not one in which an alias summons is authorized by law.     The return contains the original summons, and all the proceedings which took place, including the evidence given by the witnesses for the plaintiff, before the direction for the issuing of the alias summons was given. It would thus seem that the court, in deciding the questions involved in the suit, considered that the proceedings were continuous, and that

the original action still subsisted and continued, and that the issue of the alias summons was not the commencement of a new action, but a proceeding in the original one. Could it be said that there was a waiver of the irregularity in bringing defendants into court in the manner above stated, and could we regard the proceeding subsequent to the amended summons as a new action, we are still of the opinion that the judgment should be reversed, since the evidence on behalf of the plaintiff is exceedingly meager and unsatisfactory.

The judgment should be reversed, with costs, but without prejudice to the plaintiff to bring another action.

o

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.